BOARD OF HEALTH OF ST. BERNARD ET AL. *v.* CITY OF ST. BERNARD ET AL.
BOARD OF HEALTH OF ST. BERNARD ET AL., APPELLANTS, *v.* CITY OF ST. BERNARD ET AL., APPELLEES.

(Nos. 68-706 and 68-713—Decided July 2, 1969.)

50

*Mr. Stephen W. Young* and *Miss Antoinette J. Navarra,* for relators in case No. 68-706 and appellants in case No. 68-713.

*Mr. Kenneth J. Schneider,* city solicitor, for respondents in case No. 68-706 and appellees in case No. 68-713.

DUNCAN, J. Section 2323.05, Revised Code, in pertinent part, reads:

"An action may be dismissed without prejudice to a future action:

"(A) By the plaintiff, before its final submission to the jury, or to the court, when trial is by the court, * * *."

After the demurrer to relators' petition was sustained by the Court of Appeals, and relators given the right to plead further, the statutory right of relators to dismiss without prejudice was absolute. Therefore, the Court of Appeals should have approved the entry of dismissal without prejudice which was tendered on November 13, 1968.

In *McGatrick* v. *Wason*, 4 Ohio St. 566, this court held:

"Where a general demurrer to a declaration is sustained, and thereupon leave to amend the declaration is given, but the plaintiff subsequently, instead of amending, discontinues the action, there is no judgment that bars another suit upon the same cause of action."

A judgment of dismissal of an action, not involving the merits or distinguished from a dismissal upon the merits, is not a bar to a subsequent action. *Loudenback* v. *Collins*, 4 Ohio St. 251; *Hutton* v. *Curry*, 93 Ohio St. 339. See *Moherman* v. *Nickels*, 140 Ohio St. 450.

Respondents argue that the stipulation of facts and the arguments presented make it obvious that the case was heard upon the merits; therefore, that a final determination of the matter was made, as evidenced by the judgment entry filed November 18, 1968. This argued posture of the judgment is inconsistent with both the October 25, 1968, and November 18, 1968, entries. The latter entry mentions nothing of the merits but does set forth that relators have failed to plead as authorized by the former entry. Even if we were to look behind the plain language of the entries, other than the pleadings, the record contains only the stipulation of facts, which does not suggest that the cause was heard upon the merits.

It is uncontroverted that relators' counsel made a rea-

sonable attempt to cause the court to journalize an entry of dismissal without prejudice and the court chose not to do so. Section 2323.05(A), Revised Code, gives the relator the absolute right of dismissal. Under the facts in the instant case, the Court of Appeals had no discretion to refuse to dismiss without prejudice.

Accordingly, in case No. 68-713, the judgment of the Court of Appeals is reversed.

In case No. 68-706, respondents' motion to dismiss is overruled, since relators' cause of action in case No. 68-713 is deemed to have been dismissed by the Court of Appeals without prejudice, and does not serve as a bar to this action. We are constrained to say that the filing of an original action in this court prior to an appellate review and further proceedings in the Court of Appeals in an identical action in that court, amounts to a circuitous legal adventure in forum selection which we do not favor. However, we believe that in this instance relators have a clear right to a hearing before this court upon the merits.

Relators' appointments were never voted upon by city council. They argue that silence amounts to confirmation by council. Counsel cite no authority, and we have been unable to discover any authority for that contention. Furthermore, it would be contrary to Section 3709.05, Revised Code, and Section 159.03 of the Codified Ordinances of the City of St. Bernard.

Relators maintain that Sections 3709.05 and 731.05, Revised Code, are in conflict. Section 3709.05 deals specifically with *city health districts* and indicates how the district's board of health is to be selected, *i. e.*, "appointed by the mayor and confirmed by the legislative authority." Section 731.05 sets forth a restriction regarding confirmation of "any officer or employee in the *city government.*" (Emphasis added.) Without examining other arguments concerning conflict between Sections 731.05 and 3709.05, we think that it is sufficient to say that a city health district is a *state agency* rather than a branch of city government. Therefore, Section 731.05 has no application in this

case and there is no conflict with Section 3709.05. See *State, ex rel. Mower,* v. *Underwood,* 137 Ohio St. 1.

Failure of a legislative authority to vote on confirmation of persons appointed by a mayor to the board of health of a city health district does not amount to confirmation, as required by Section 3709.05, Revised Code, and Section 159.03 of the Codified Ordinances of the City of St. Bernard. Therefore, we conclude that relators are not entitled to the writ of quo warranto as prayed for.

*In case No. 68-713, judgment reversed.*
*In case No. 68-706, writ denied.*

MATTHIAS, Acting Chief Justice, COLE, JONES, O'NEILL, SCHNEIDER and HERBERT, JJ., concur.

COLE, J., of the Third Appellate District, sitting for TAFT, C.J.

JONES, J., of the Eleventh Appellate District, sitting for ZIMMERMAN, J. Because of the inability, "by reason of illness," of JUSTICE CHARLES B. ZIMMERMAN "to hear, consider and decide" this cause, JUDGE JONES of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE ZIMMERMAN and JUDGE JONES did so and heard and considered this cause prior to the decease of JUSTICE ZIMMERMAN on June 5, 1969.