HARRISON, HEALTH COMMR., APPELLEE, *v.* JUDGE, MAYOR, ET AL., APPELLANTS.

(Nos. 13898 and 13911—Decided May 17, 1989.)

*John G. Haas* and *Karen Soehnlen McQueen,* for appellee.

*Michael J. McNulty,* law director, for William Judge, Mayor, et al.

*Ronald H. Janetzke,* for Ohio Council 8, American Federation of State, County and Municipal Employees, AFL-CIO, et al.

CACIOPPO, P. J. The city of Barberton[1] and Ohio Council 8, American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME"), each appeal the trial court's judgment that declared unconstitutional Section 6.04(a) of the Charter of the city of Barberton ("Section 6.04[a]"). The trial court enjoined the mayor and a city council member from serving on the Barberton Board of Health. In findings incorporated by reference into the judgment, the trial court stated that the Barberton Board of Health is a political subdivision of the state and that board of health employees are not city employees. Also, pursuant to R.C. 733.61, the trial court awarded to plaintiff Harrison his reasonable attorney fees.

Barberton's Assignments of Error

"I. The trial court erred in declaring Section 6.04(a) of the Barberton Charter to be unconstitutional and invalid.

"II. The trial court erred in enjoining former councilman, Steven Kyer, from serving as a member of the board of health and in restraining former Mayor Judge from serving other than as presiding officer of the board of health."

AFSCME's Assignments of Error

"The trial court erred:

"I. In declaring Section 6.04(a) of the city charter unconstitutional and invalid.

"II. By enjoining former Councilman Steve Kyer from serving as a member of the BBH.

"III. By enjoining former Mayor Judge from serving on the BBH other than as its presiding officer."

The voters of Barberton, a charter city, amended Section 6.04(a) in November 1980. The amendment created a board of health which differs from R.C. 3709.05. That section states in part:

"Unless an administration of public health different from that specifically provided in this section is established and maintained under authority of its charter, * * * the legislative authority of each city constituting a city health district shall establish a board of health, composed of five members appointed by the mayor and confirmed by the legislative authority, to serve without compensation. A majority of such members shall be a quorum. The mayor shall be president of the board by virtue of his office."

Section 6.04(a), as amended, states:

---

[1] Joseph R. Harrison brought this cause of action as the Health Commissioner of Barberton and as a taxpayer. The named defendants were William Judge, Mayor of Barberton and President of the Barberton Board of Health; city of Barberton; Steven Kyer, Councilman; Charles Crangle, Safety Director; and Anthony J. Celebrezze, Jr., Attorney General. The trial court allowed AFSCME to intervene.

"(a) BOARD OF HEALTH. There is hereby established a Board of Health, which shall consist of a total of seven (7) members, five (5) citizen members who shall be electors of the City holding no other public office or appointment, the Mayor, and a member of Council selected annually by Council from its committee having responsibility for health matters. Five (5) members shall be appointed by the Mayor with confirmation by the majority of Council to serve without compensation for a period of five (5) years from the date of appointment * * *. A majority of the members of the Board shall constitute a quorum. The Mayor shall be President of the Board by virtue of his office.

"The Board, in conformance with Section 3709.05 of the Ohio Revised Code, or otherwise by provisions of this Charter or general law, shall make all necessary rules and regulations for safeguarding the public health, and shall enforce all health and sanitary regulations."

Barberton asserts that a municipality may frame and adopt or amend a charter for its government and may exercise all powers of local self-government subject to the limitation of Section 3, Article XVIII, Ohio Constitution. Section 7, Article XVIII, Ohio Constitution. Barberton argues that pursuant to home rule, and as anticipated in the plain language of R.C. 3709.05, a charter city may provide an administration of public health that differs from the scheme specifically set forth in R.C. 3709.05. The trial court did not agree.

In its findings, the trial court stated that the charter amendment addressed a statewide concern and therefore must not be in conflict with general law. The trial court further found that a potential for conflict of interest exists under Section 6.04(a) since the offices of mayor and city council member are incompatible with membership on the board of health. We disagree.

The Ohio Supreme Court recently analyzed and upheld a chartered city's action which the lower courts held to be unconstitutional as not yielding to an overriding law of statewide concern in *Ohio Assn. of Pub. School Emp., Chapter No. 471* v. *Twinsburg* (1988), 36 Ohio St. 3d 180, 522 N.E. 2d 532. In that case, the Supreme Court noted that municipal charter provisions enacted under the power of local self-government prevail over state statutes and that only regulations enacted subject to a city's police power are subject to the general laws of the state. *Id.* at 182, 522 N.E. 2d at 534. A city would have only such powers as the state legislature allows and would remain under the dominion of the legislature if self-government must be subject to general laws. *Id.* at 182, 522 N.E. 2d at 534-535.

"The power of local self-government and that of the general police power are constitutional grants of authority equivalent in dignity. A city may not regulate activities outside its borders, and the state may not restrict the exercise of the powers of self-government within a city. The city may exercise the police power within its borders, but the general laws of the state are supreme in the exercise of the police power, regardless of whether the matter is one which might also properly be a subject of municipal legislation. Where there is a direct conflict, the state regulation prevails." *Canton* v. *Whitman* (1975), 44 Ohio St. 2d 62, 66, 73 O.O. 2d 285, 288, 337 N.E. 2d 766, 770.

Section 6.04(a) concerns a matter that has no extraterritorial effect and is not an exercise of police power. Therefore, the Barberton Board of Health membership is not a statewide

concern and is not subject to the state's general laws.

In properly construing the Barberton Charter, a potential for conflict of interest does not arise where the mayor and a council person are also board of health members. The charter authorizes those dual roles. Also, conflict of interest is not a basis for reviewing constitutionality.

Pursuant to the Ohio Constitution and the case law previously cited, Section 6.04(a) is a proper exercise of Barberton's power of local self-government. Under home-rule authority, and as anticipated in R.C. 3709.05, Barberton may create a city health district board that differs in structure from that set forth in R.C. 3709.05, provided such board is established and maintained under authority of the Barberton Charter.

The assignments of error have merit.

### Barberton's Assignment of Error No. III

"The trial court erred in awarding plaintiff-appellee his attorney fees."

The trial court found this action was brought on behalf of the public and resulted in a public benefit and, in equity and justice, awarded Harrison a reasonable compensation for his attorney pursuant to R.C. 733.61. A taxpayer may be allowed attorney fees only if judgment is finally ordered in his favor. R.C. 733.61. See, generally, *State, ex rel. Elyria,* v. *Trubey* (1983), 24 Ohio App. 3d 44, 24 OBR 97, 493 N.E. 2d 254.

Barberton's third assignment of error has merit.

### AFSCME's Assignments of Error

"IV. In making findings of fact and conclusions of law on issues directly affecting AFSCME without affording AFSCME an opportunity to adduce evidence.

"V. In accepting stipulated facts affecting AFSCME without AFSCME being a party to those stipulations."

The trial court found that the Board of Health for the city of Barberton is a separate political subdivision of the state, that employees of the board of health are not employees of the city, and that R.C. 4117.20 does not allow the city of Barberton to negotiate on behalf of the Barberton Board of Health. The trial court noted that this cause came on for hearing on the merits prior to the court allowing AFSCME to intervene.

The trial court's judgment did not address issues concerning AFSCME and states that other issues pending in this cause are reserved for final hearing at a later date. Appealable issues which AFSCME may raise remain before the trial court and are not properly before this court.

The fourth and fifth assignments of error are overruled.

The judgment of the trial court is reversed and this cause is remanded for further proceedings.

*Judgment reversed and cause remanded.*

QUILLIN and BAIRD, JJ., concur.