[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 618.]

THE STATE EX REL. GABRIEL ET AL., APPELLEES, *v.* CITY OF YOUNGSTOWN ET AL.; OHIO COUNCIL 8, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, ET AL., APPELLANTS.

[Cite as *State ex rel. Gabriel v. Youngstown*, 1996-Ohio-445.]

*Criminal law—Drug offenses—R.C. 2925.03(M), 2925.11(F)(1) and 9225.23(H) do not violate the due process or equal protection provisions of the Ohio or United States Constitution.*

(No. 95-1378—Submitted April 30, 1996—Decided June 19, 1996.)

APPEAL from the Court of Appeals for Mahoning County, No. 89 C.A. 179.

———————————

{¶ 1} In December 1989, three environmental health sanitarians employed in the Youngstown City Health District filed a complaint in the Court of Appeals for Mahoning County. The sanitarians alleged that in September 1989, the board of health for the health district passed a resolution granting them each a $3,000 salary increase retroactive to January 1989. According to the sanitarians, despite the board's request that legislation be prepared to enact the retroactive wage increase, the Youngstown City Council failed to pass the necessary ordinances. The sanitarians requested that the court of appeals issue a writ of mandamus to compel (1) the city council members to enact the required ordinances, (2) the president of the city council and the mayor to approve the legislation, and (3) the city finance director to pay the wages pursuant to the ordered legislation. The court of appeals issued an alternative writ.

{¶ 2} In March 1990, the court of appeals, on motion of respondents city officials, joined appellants, Ohio Council 8, American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME"), AFSCME Regional Director Thomas Nowel, and AFSCME Local 2312 President Sylverio Caggiano, as

respondents. Appellants filed motions to dismiss or for summary judgment. The sanitarians also moved for summary judgment. In December 1991, the court of appeals overruled appellants' motion for summary judgment and granted the sanitarians' motion in part. The court of appeals held that employees of the city board of health such as the sanitarians were state employees who were not bound by the collective bargaining agreement between the city and AFSCME. The court of appeals thus concluded that the collective bargaining agreement's grievance and arbitration procedure did not preclude the sanitarians' mandamus action.

{¶ 3} In 1995, after the parties filed evidence, the court of appeals denied the writ and granted judgment in favor of appellants and the city official respondents on the basis that the board of health failed to timely submit appropriate forms for sufficient appropriations to cover the approved wage increases. However, the court of appeals reiterated its December 1991 ruling that the sanitarians, as employees of the city board of health, were state employees not within the bargaining unit of the collective bargaining agreement between Youngstown and AFSCME.

{¶ 4} This cause is now before the court upon AFSCME, Nowel, and Caggiano's appeal as of right. Although AFSCME and these union officials filed a merit brief, none of the other parties in the court of appeals action filed a brief.

_____

*Ronald H. Janetzke*, Special Counsel to the President, and *R. Sean Grayson*, General Counsel, for appellants.

_____

***Per Curiam.***

{¶ 5} Appellants assert in several propositions of law that the court of appeals erred in several respects. As a preliminary matter, since appellants are appealing from a judgment which denied the writ they were contesting, it must be determined if they possess standing to appeal.

**{¶ 6}** "Appeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant." *Ohio Contract Carriers Assn. v. Pub. Util. Comm.* (1942), 140 Ohio St. 160, 23 O.O. 369, 42 N.E.2d 758, syllabus; *Ohio Domestic Violence Network v. Pub. Util. Comm.* (1992), 65 Ohio St.3d 438, 439, 605 N.E.2d 13, 14.

**{¶ 7}** Appellants and various city officials were parties to the mandamus action filed in the court of appeals. The court of appeals determined in part that city board of health employees are employees of a state agency who are not covered by the collective bargaining agreement between the city and AFSCME. If not appealed, the court of appeals' determination might be *res judicata*, thereby precluding AFSCME from bargaining on behalf of city board of health employees. See, generally, *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus ("A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."). Therefore, appellants are aggrieved and possess the requisite standing to contest the foregoing determination by the court of appeals.

**{¶ 8}** Appellants also challenge the court of appeals' failure to grant their motions to dismiss or for summary judgment based on their arguments that the sanitarians failed to exhaust their contractual and administrative remedies. However, since judgment on the sanitarians' mandamus claim for retroactive wage increases was ultimately denied in favor of appellants and the respondents city officials, the court need not issue an advisory opinion to discuss whether additional reasons supported denial of the requested mandamus relief. See, *e.g., Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174 (reviewing court is generally not authorized to review a correct judgment merely because erroneous reasons for the judgment were given); *Tschantz v. Ferguson* (1991), 57 Ohio St.3d

131, 133, 566 N.E.2d 655, 657 ("[T]his case presents no issue of public importance worthy of an advisory opinion from this court."). Therefore, we do not address these latter contentions.

{¶ 9} The court of appeals' determination that city board of health employees are state employees is consistent with precedent. See, generally, *Johnson's Markets, Inc. v. New Carlisle Dept. of Health* (1991), 58 Ohio St.3d 28, 33, 567 N.E,2d 1018, 1023-1024; *St. Bernard Bd. of Health v. St. Bernard* (1969), 19 Ohio St.2d 49, 48 O.O.2d 57, 249 N.E.2d 888, paragraph two of the syllabus; *State ex rel. Mowrer v. Underwood* (1940), 137 Ohio St. 1, 17 O.O. 298, 27 N.E.2d 773. Appellants contend that *Johnson's Markets* should be "clarified," since the General Assembly never intended city health departments and city health districts to be state agencies for labor relations purposes.

{¶ 10} In *Harrison v. Judge* (1992), 63 Ohio St.3d 766, 591 N.E.2d 704, appellant AFSCME raised the same argument. See 199 Ohio Supreme Court Briefs and Records (5th Series), case No. 91-1106, AFSCME's Nov. 15, 1991 brief, at 27-29. We rejected AFSCME's contentions in this regard and adopted the court of appeals' determination in *Harrison* that the city health district, and the board of health formed thereunder, are state agencies, and that employees of the board of health are governed by state law. *Id.*, 63 Ohio St.3d at 768, 591 N.E.2d at 705-706. Therefore, the court of appeals in the case at bar did not err in concluding that employees of the Youngstown Board of Health are state employees. In effect, the board of health is a separate entity from the city, and the board's employees are subject to state law. *Id.*; see, also, *State ex rel. Fenwick v. Finkbeiner* (Feb. 25, 1994), Lucas App. No. L-93-367, unreported, 1994 WL 67868, reversed on other grounds, *State ex rel. Fenwick v. Finkbeiner* (1995), 72 Ohio St.3d 457, 650 N.E.2d 896.

{¶ 11} The court of appeals further determined that employees of the Youngstown Board of Health are not within the bargaining unit of the collective

4

bargaining agreement between the city and AFSCME due to the employees' status as state employees. Local 2312 of AFSCME is the deemed certified bargaining agent for certain employees of Youngstown. The deemed certified bargaining unit contained employees of the city health board, including sanitarians.[1] Subsequent collective bargaining agreements between the city and AFSCME also included health board employees in the bargaining unit.

{¶ 12} In *Harrison, supra*, 63 Ohio St.3d at 770-771, 591 N.E.2d at 707, we adopted the court of appeals' opinion, which held:

"The trial court properly determined that the board [of health] and Barberton are separate political entities. However, the trial court did not have the power to alter the existing employee bargaining unit, as the structure of a bargaining unit may only be altered by SERB. We cannot find, nor are we directed to, any authority which prohibits the board and Barberton from entering into joint negotiations with AFSCME and the existing bargaining unit. The trial court erred in determining that the board may engage in exclusive negotiations with its employees. Until the board, Barberton, AFSCME, or the employees in the existing bargaining unit request that SERB change the structure of the present bargaining unit and/or the exclusive representative, the board and Barberton must jointly observe the status quo with regard to the existing employee bargaining unit with AFSCME as the exclusive representative of such unit."

{¶ 13} Similarly, in the instant case, the court of appeals erred in concluding that Youngstown Board of Health employees are not within the bargaining unit covered by the applicable collective bargaining agreements between the city and

---

1. "Also known as a 'historical unit,' a deemed certified collective bargaining agent is the employee representative who bargained with the employer on behalf of public employees in a collective bargaining relationship that predated the passage of the Ohio Collective Bargaining Act. Rather than being certified by SERB according to the normal certification procedure provided for under the Act, such units were 'deemed certified' by the grandfather clause of Section 4(A) of Am.Sub.S.B. No. 133, and are treated as if they had been certified normally." *State ex rel. Brecksville Edn. Assn. v. State Emp. Relations Bd.* (1996), 74 Ohio St.3d 665, 666, 660 N.E.2d 1199, 1200, fn. 1.

AFSCME. No member of the Youngstown Board of Health ever complained about the city's representation of it in negotiations with AFSCME concerning the board's employees. In addition, there is no evidence of a challenge by another employee organization to AFSCME's representation of Youngstown Board of Health employees or any joint petition by the board and AFSCME to alter the bargaining unit. See *Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL-CIO v. Cincinnati* (1994), 69 Ohio St.3d 677, 635 N.E.2d 361, syllabus ("*** Pursuant to Section 4[A] [of Am.Sub.S.B. No. 133], adjustments or alterations to deemed certified collective bargaining units are not permitted until challenged by another employee organization."); *Brecksville, supra* (State Employment Relations Board has jurisdiction to consider joint petition by the public employer and public employee representative for amended certification of the deemed certified collective bargaining unit).

{¶ 14} Accordingly, we reverse the judgment of the court of appeals insofar as it held that employees of the Youngstown Board of Health are not within the bargaining unit covered by the collective bargaining agreement between Youngstown and AFSCME. In all other respects, the judgment of the court of appeals is affirmed.

*Judgment affirmed in part*
*and reversed in part.*

MOYER, C.J, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS and STRATTON, JJ., concur separately.

_____

**DOUGLAS, J., concurring.**

{¶ 15} I concur in the judgment of the majority and, in particular, in the majority's finding that the employees of the Youngstown Board of Health are members of the bargaining unit covered by the collective bargaining agreement between Youngstown and AFSCME. However, I write separately because if this is so, and it is, then the sanitarians are subject to the grievance and arbitration procedures set forth in the collective bargaining agreement and, accordingly, mandamus would not be available to them. I believe the majority, to be consistent with its finding of bargaining-unit membership, should have denied mandamus relief.

STRATTON, J., concurs in the foregoing concurring opinion.

————————————