A.J. Woltering was the sole shareholder and chief executive officer of Crown Industries, Inc., a closely held corporation. In 1970, he died leaving a wife and two sons, Joseph, the appellant herein, and Thomas, who was seriously disabled as a result of injuries sustained in an automobile accident in the 1950s. A.J.'s will provided for the establishment of a trust that would benefit Thomas during his lifetime, and that, upon his death, would pass to his daughters, Anne, Barbara, and Martha (the remainder beneficiaries). The will also provided that the trust was to be funded with 100 shares of Crown Industry stock and that Joseph was to serve as trustee.
Pursuant to his father's will, Joseph did in fact serve as trustee of his brother's trust for over twenty years, until Thomas's death in 1996. Shortly thereafter, the remainder beneficiaries filed exceptions to accounts filed by Joseph in his capacity as trustee. Specifically, the remainder beneficiaries took exception to a 1991 transaction wherein Crown Industries had redeemed all 100 shares of stock held by the trust for $39,000 in cash and $221,000 in secured promissory notes, or $2,600 per share.[1] They alleged that Joseph, who by then was the chief executive officer and majority shareholder of Crown Industries, had breached his fiduciary duty as trustee by (1) failing to obtain court approval for the transaction, which they contended constituted self-dealing, (2) basing the purchase price of the stock on an inaccurate and stale appraisal, and (3) improperly applying a thirty-percent minority discount to the value of the stock. Joseph subsequently filed an application for trustee fees in the amount of $23,264.62 for the period from September 1974 through January 1996, which the remainder beneficiaries also challenged.
The trial court held a hearing on the remainder beneficiaries' exceptions to Joseph's accounts and on Joseph's application for trustee fees. In its joint opinion and entry, the trial court found in favor of the remainder beneficiaries on their exceptions to the accounts, determining that Joseph's involvement in the transaction constituted self-dealing and that he had erred in failing to seek court approval prior to engaging in the transaction. The trial court also determined that the per-share purchase price of the stock, as paid to the trust, was undervalued by $1,629. Based on these findings, the trial court specifically ordered that "Crown Industries must repay to the Trust the difference of $1,629.00 for each of the 100 shares it redeemed in December of 1990." With regard to Joseph's application for trustee fees, the trial court determined that Joseph was barred by the doctrine of laches from receiving the full amount of the fees he had requested. Therefore, the trial court awarded Joseph $9,205.11 in fees for the period from January 1, 1990, to December 31, 1995.
Joseph appeals from the trial court's order and brings five assignments of error. His first, second, third, and fifth assignments of error all relate to the trial court's resolution of the remainder beneficiaries' exceptions to his accounts.
Having carefully reviewed the trial court's entry, we conclude that Joseph is without standing to challenge the portion of the trial court's entry relating to the exceptions to his accounts because, with respect to that portion of the judgment, he is not an aggrieved party.[2] Although the trial court made findings in its opinion relative to Joseph in his individual capacity, the trial court did not issue an order or judgment against him personally. Rather, the trial court ordered Crown Industries, an entity that was not even a party to the action, to pay damages to the trust. Accordingly, we dismiss the portion of Joseph's appeal that challenges the trial court's resolution of the remainder beneficiaries' exceptions.
The only remaining issue in Joseph's appeal is contained in the fourth assignment of error. In this assignment, he asserts that the trial court erred in applying the doctrine of laches to his application for trustee fees. Having reviewed the record, we are unable to conclude that the trial court abused its discretion in applying the doctrine of laches to bar Joseph from receiving a portion of the trustee fees he had sought. In fact, because Joseph was found to have engaged in self-dealing,[3] thereby breaching his fiduciary duty, the trial court would have been acting within its discretion had it denied, in total, his request for trustee fees.[4] Accordingly, we overrule his fourth assignment of error and affirm the portion of the trial court's judgment setting Joseph's trustee fees.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed in part and appeal dismissed in part.
SUNDERMANN, P.J., GORMAN and PAINTER, JJ.
To the Clerk:
Enter upon the Journal of the Court on February 12, 1999 per order of the Court ____________________. Presiding Judge
[1] Other issues initially raised by the remainder beneficiaries' exceptions were resolved below.
[2] See State ex rel. Gabriel v. Youngstown (1996), 75 Ohio St.3d 618, 665 N.E.2d 209, citing Ohio Contract Carriers Assn. v.Pub. Util. Comm. (1942), 140 Ohio St. 160, 42 N.E.2d 758, syllabus, for proposition that an appeal lies only on behalf of a party aggrieved by the final order appealed from.
[3] For the purposes of this discussion, we assume without deciding that the trial court's determination on the issue of self-dealing was appropriate. For reasons previously discussed, we are precluded from discussing this issue on the merits.
[4] See, generally, Restatement of Law 2d, Trusts (1957), Section 243.