OPINION
In this case of alleged legal malpractice, appellants asserted that appellees were negligent in failing to timely file their claims for conversion, negligence, breach of fiduciary duty and indemnification in their lawsuits against Mid-American Bank 
Trust Company, Joseph Vedra and Luckey Farmers, Inc. See Firsdonv. Mid-American National Bank Trust Co. (Oct. 11, 1991), Wood App. No. 90-WD-083, unreported (Trial court properly granted summary judgment on appellants' tort claims because the statute of limitations on such claims had run.)[1].
The trial court granted appellees' motion for summary judgment finding that Jack Firsdon himself testified that the attorney-client relationship began on March 24, 1989. The court then determined that the discovery dates for appellants' various tort claims were (1) March or April 1984, the date appellants first became aware of a shortage in their 1983-1984 grain sale; (2) March 8, 1985, the date that appellants learned that their 1985 grain crop was sold and the proceeds applied to money owed to Mid-Am Bank and Luckey Farmers; and (3) March 10, 1985, the date appellants knew the grain was sold without their authority, that they did not sign the checks received from the sale of the grain and that the proceeds were distributed without their knowledge.
Based on the four year statute of limitations found in R.C. 2305.09, the trial court then determined that the limitations period expired on all of appellants' tort claims prior to the creation of the attorney-client relationship between appellants and appellees. Therefore, the court concluded that appellees could not be found negligent for failing to timely file these claims.
Appellants set forth two assignments of error:
 "THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT, IN VIEW OF THE PREVIOUS RULING IN THE UNDERLYING COURT CASE (Wood County Court of Common Pleas Case No. 89-CIV-307) AND THE 6th DISTRICT APPEALS COURT CASE NO. 90-WD-083 (Firsdon v. Mid-Am Bank [Firsdon I]) [sic], WHICH INVOLVED THE IDENTICAL FACTUAL ISSUE AS TO WHEN THE STATUTE OF LIMITATIONS EXPIRED ON APPELLANTS' CLAIMS AGAINST THE PREVIOUS DEFENDANTS, IN THE UNDERLYING CASE, IN WHICH THE APPELLEES REPRESENTED APPELLANTS AS THEIR LEGAL COUNSEL.
 "THE TRIAL COURT ERRED IN FAILING TO DISMISS ALL THIRD PARTY CLAIMS OF THE DEFENDANTS/THIRD PARTY PLAINTIFFS, WHO ARE APPELLEES HEREIN, AND WHICH ALLEGED NEGLIGENCE ON THE PART OF APPELLANTS' COUNSEL, IN THAT THESE CLAIMS CANNOT STAND ON THEIR OWN WITHOUT AN ADJUDICATION IN FAVOR OF APPELLANTS AGAINST APPELLEES/THIRD PARTY PLAINTIFFS."
On appeal, appellants agree that the attorney client relationship was established on March 24, 1989. However, appellants contend, as they did below, that the doctrine of collateral estoppel bars appellees from re-litigating the date(s) the statute of limitations expired on their tort claims. Specifically, appellants argue that both this court and the trial court established "April 1989" as the date the statute of limitations expired on those claims. According to appellants, the attorney-client relationship existed at that point and they can, therefore, pursue their legal malpractice claim.
The trial court determined that appellees were not parties to the underlying cause of action, that appellees were not in privity with the defendants in that case, and that the determination of the "April 1989" date was not essential to that litigation. Consequently, collateral estoppel did not bar re-litigation of the date of accrual/expiration of the statute of limitations.
Preliminarily, we note that, in accordance with Civ.R. 56, a trial court ruling on a summary judgment motion must construe the evidence most strongly in favor of the nonmoving party; summary judgment should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 65. An appellate court reviewing the granting of a motion for summary judgment reviews the evidence independently and does not defer to the trial court. Heritage Mutual Ins. Co. v. Ricart Ford (1995),105 Ohio App.3d 261.
 "Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." Thompson v. Wing (1994), 70 Ohio St.3d 176, 183.
"Privity" is defined as a mutual or successive relationship to the same right of property, or "`such an identification of interest of one person with another as to represent the same legal right.'" Lippy v. Society Nat'l Bank
(1995), 100 Ohio App.3d 37, 48, quoting Black's Law Dictionary (6 Ed.Rev. 1990) 1199.
The requirement of privity of parties is not met in the present case. Appellants offered no evidence to demonstrate that appellees succeeded to any property right or interest in the same legal right formerly held by appellants or the defendants inFirsdon. The fact, as argued by appellants, that appellees entered into a contingency fee agreement with appellants does not give appellees an interest in or legal right to appellants' tort claims. It simply provides appellants' with the right to a fee derived from the proceeds, if any, resulting from the originalFirsdon lawsuit. Accordingly, the doctrine of collateral estoppel is not applicable to this case and the issue of the dates the statute of limitations expired could be re-litigated.
Appellants do not dispute the dates used by the trial court in reaching its decision. Consequently, no genuine issue of material fact exists in this cause, and the common pleas court did not err in granting summary judgment as a matter of law. Appellants' first assignment of error is found not well-taken.
As to appellants' second assignment of error, this case was certified to this court pursuant to Civ.R. 54(B). Thus, the remaining claims, counterclaims and third party claims raised by the parties are still pending in the court below. No order exists from which appellants could file a notice of appeal. Indeed, because the third party complaint was filed by appellees against appellants' current attorney, appellants are not the aggrieved party and therefore lack standing to raise any error with regard to the trial court's action or inaction on that complaint. Stateex rel. Gabriel v. City of Youngstown (1996), 75 Ohio St.3d 618,619, quoting Ohio Contract Carriers Ass'n. v. Public UtilitiesComm. (1942), 140 Ohio St. 160, syllabus; Tschantz v. Ferguson
(1989), 49 Ohio App.3d 9, 13. For these reasons, we cannot consider appellants' second assignment of error.
The judgment of the Wood County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 Richard W. Knepper, J.
CONCUR.
[1] See Firsdon, supra, for a full delineation of the facts underlying the institution of the instant case.