DECISION AND JUDGMENT ENTRY
In this appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, appellant, Keith T., the natural father of Kesuan T. (born May 31, 1998) and Kendalle T. (born January 26, 2000), contends that the trial court erred in terminating his parental rights and granting permanent custody of his minor children to appellee, Lucas County Children Services("LCCS"). Appellant sets forth the following assignments of error:
 "I. THE TRIAL COURT'S FINDING THAT PURSUANT TO O.R.C. 2151.414(E)(1), NOTWITHSTANDING REASONABLE CASE PLANNING AND DILIGENT EFFORTS OF THE AGENTS, BOTH PARENTS HAVE FAILED TO AVAIL THEMSELVES OF THE SERVICES PROVIDED TO THEM AND TO REMEDY THE CONDITIONS CAUSING THE REMOVAL OF THE CHILDREN WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.
 "II. THE TRIAL COURT'S FINDING THAT PURSUANT TO O.R.C. 2151.414(E)(4), THAT BOTH PARENTS HAD DEMONSTRATED A LACK OF COMMITMENT BY FAILING TO ENGAGE IN THE SERVICES WHICH MAY HAVE ALLOWED THEM TO REUNITE WITH THEIR CHILD WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE."
The law applicable to this cause is found in R.C. Chapter 2151. A juvenile court may grant a motion for permanent custody of a child to a public services agency if the court finds, by clear and convincing evidence, that (1) it is in the best interest of the child to grant permanent custody to that agency and (2) the child, not abandoned or orphaned, cannot be placed with either of his or her parents within a reasonable time or should not be placed with his or her parents. R.C.2151.414(B)(1), as effective at the time the motions for permanent custody were filed by LCCS[1].
To enter a finding that the child cannot be placed with his or her parents within a reasonable time or should not be placed with his or her parents, the court needs to find, by clear and convincing evidence, thatonly one of several conditions enumerated in R.C. 2151.414(E) exists. In the present case, the three conditions relied on by the trial court as a basis for the requisite finding are:
 "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 "(13) The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child."
Clear and convincing evidence is more than a mere preponderance of the evidence. Rather, a petitioner must prove each of its allegations by producing "in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
We note at the outset that the natural mother of Kesuan and Kendalle did not appeal the grant of permanent custody of her children to LCCS. In addition, appellant is not the natural father of Deshanna R. Therefore, we shall not discuss either the facts of this case or appellant's assignments as they relate to the children's mother[2] or to Deshanna. Furthermore, because each of appellant's assignments of error address one of the conditions enumerated under R.C. 2151.414(E), they shall be considered together.
The juvenile court judge made the following findings as to appellant:
 "The Court further finds that the father, Keith T * * *, has demonstrated a lack of commitment to the children [Kesuan and Kendalle], and has a history of incarcerations. The Court finds Keith T * * * was incarcerated at the time the children were removed from the home. He was incarcerated from October, 1998 to May, 1999. Upon his release in May, 1999, he attended several parenting classes and attended visitation with the children. He was referred to substance abuse treatment, but failed to follow through with the services. He was further incarcerated for ten days in December, 1999, and then released. Further, he was incarcerated again in May, 2000 for a drug offense, was released on bond, and then on July 19, 2000 was convicted of a drug offense, and sentenced to ten months. At the time of the permanent custody disposition hearing, Keith T * * * remained incarcerated."
A thorough review of the record of this case reveals clear and convincing evidence supporting the trial court's factual findings and also discloses that appellant's repeated incarcerations prevented him from providing care for or making a commitment to his two very young children. Accordingly, and as expressly stated by the trial court, clear and convincing evidence supports the existence of the condition in R.C.2151.414(E)(13). Because only one of the conditions enumerated in R.C.2151.414(E) is necessary to sustain a finding that Kesuan and Kendalle cannot be placed with their father within a reasonable time or should not be placed with him, failure, if any, to demonstrate either of the conditions described in R.C. 2151.414(E)(1) and R.C. 2151.414(E)(4) is not prejudicial to appellant. Accordingly, appellant's Assignments of Error Nos. I and II are found not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal.
 _____________________ Melvin L. Resnick, J.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J. CONCUR.
[1] The motion for permanent custody of Deshanna and Kesuan was filed on October 1, 1999. The motion for permanent custody of Kendalle was filed on June 12, 2000. The two cases were later consolidated.
[2] Appellant is not the aggrieved party as to the termination of the mother's parental rights and grant of permanent custody of all three of her children to LCCS. Therefore, he lacks standing to raise any error with regard to the trial court's judgment on these matters. State exrel. Gabriel v. City of Youngstown (1996), 75 Ohio St.3d 618, 619, quoting Ohio Contract Carriers Ass'n. v. Public Utilities Comm. (1942),140 Ohio St. 160, syllabus. See, also, Tschantz v. Ferguson (1989),49 Ohio App.3d 9, 13.