DECISION AND JUDGMENT ENTRY
{¶ 1} On December 13, 2001, appellant, Marvin Crenshaw, received an overtime parking ticket in the city of Toledo. When appellant failed to pay the ticket, he was ordered to appear in Toledo Municipal Court. According to appellant, he intended to challenge the validity of the manner in which Toledo handles the issuance of parking tickets. Appellant insists that he filed an "answer and counterclaim" to this criminal complaint. In any event, on February 4, 2002, the municipal court dismissed the complaint. This is the order from which appellant now appeals.
 {¶ 2} The city of Toledo has moved to dismiss appellant's appeal, arguing that he lacks standing to appeal a ruling which was not adverse to him.
 {¶ 3} "Appeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant." State ex rel. Gabriel v. Youngstown (1996),75 Ohio St.3d 618, 619, quoting Ohio Contract Carriers Assn. v. Pub.Util. Comm. (1942), 140 Ohio St. 160, syllabus.
 {¶ 4} This was a criminal complaint which was dismissed; therefore, appellant suffered no adverse action. There is no provision for an "answer and counterclaim" in a criminal matter. See Crim.R. 1, et seq. Any civil claim appellant believes he may have for his perceived inconvenience in this matter is not before this court.
 {¶ 5} Accordingly, appellant lacks standing to pursue an appeal in this matter and the city of Toledo's motion to dismiss is well-taken. Costs to appellant.
APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.