[Cite as *State v. Maynard*, 2015-Ohio-51.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,          CASE NO.  7-14-11

     v.

DEBRA C. MAYNARD,           O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Napoleon Municipal Court
Trial Court No. 14CRB0438

Appeal Dismissed

Date of Decision:  January 12, 2015

APPEARANCES:

    *Alan J. Lehenbauer*  for Appellant

    *David Busick*  for Appellee

**SHAW, J.**

{¶1} Defendant-appellant Debra C. Maynard ("Maynard") appeals the July 8, 2014, judgment of the Napoleon Municipal Court designating Maynard's former dog as a "dangerous dog" pursuant to R.C. 955.11.

{¶2} The facts relevant to this appeal are as follows. On May 12, 2014, Maynard was cited for failure to properly confine the dog "Diesel" pursuant to R.C. 955.22(C), a fourth degree misdemeanor. The citation was filed with the Napoleon Municipal Court on June 16, 2014. On June 26, 2014, Maynard entered her initial appearance and pled not guilty to the charge.

{¶3} On July 8, 2014, the trial court held a pretrial hearing on the charge against Maynard. At that time, both the State and Maynard indicated that as of May 1, 2014, eleven days prior to the citation, Maynard had transferred ownership of Diesel to a man named Shane Harmon. The State therefore indicated it wished to dismiss the charge against Maynard and ultimately refile against the proper party, Shane Harmon. This request to dismiss the criminal charge against Maynard was granted by the trial court.

{¶4} However, at that same hearing, the State also made an oral request that Diesel be designated as a "dangerous dog" pursuant to R.C. 955.11. Maynard, acting pro se, opposed the State's requested designation. The court heard brief arguments of the parties, but no sworn testimony was taken. The State indicated

that Diesel had been the subject of four previous incidents under R.C. 955.22 when Maynard was Diesel's owner and therefore Diesel could properly be classified as a "dangerous dog" under R.C. 955.11.

{¶5} Ultimately the court determined that Diesel had been subject to three or more violations of R.C. 955.22 and Diesel was therefore designated as a "dangerous dog" under R.C. 955.11.

{¶6} On July 8, 2014, the trial court filed a judgment entry dismissing the criminal charge against Maynard. At the end of that entry, typed language stated, "It is further Ordered: State moved to classify Diesel as a dangerous dog according to 955.11. Due to Diesel having been the subject of a [sic] three or more violations of 955.22, the Court hereby finds that Diesel is a dangerous dog as defined by the revised code." (Doc. No. 5).

{¶7} It is from this judgment that Maynard appeals, asserting the following assignments of error for our review.

**ASSIGNMENT OF ERROR 1**
**THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION OVER THE PROCEEDING AND PERSONAL JURISDICTION OVER THE APPELLANT.**

**ASSIGNMENT OF ERROR 2**
**THE PROCEEDING BY THE TRIAL COURT VIOLATED APPELLANT'S CONSTITUTIONAL AND STATUTORY RIGHTS TO PROCEDURAL DUE PROCESS.**

**ASSIGNMENT OF ERROR 3**
**THE TRIAL COURT ERRED BY FAILING TO INFORM APPELLANT OF THE CHARGES AGAINST HER AND OF HER RIGHTS AS REQUIRED BY OHIO CRIMINAL RULE 5.**

**ASSIGNMENT OF ERROR 4**
**THE TRIAL COURT ERRED BY FINDING THE DOG TO BE A "DANGEROUS DOG" PURSUANT TO R.C. 955.11.**

{¶8} Due to the nature of the disposition, we elect to address all of the assignments of error together.

*First, Second, Third, and Fourth Assignments of Error*

{¶9} In Maynard's assignments of error, she makes various arguments challenging the trial court's designation of her former dog, Diesel, a "dangerous dog" pursuant to R.C. 955.11, including challenging the court's jurisdiction to make that designation.

{¶10} At the outset we would note that the State of Ohio has failed to file a brief in this case. Appellate Rule 18(C) provides, *inter alia,* that when the appellee fails to file a brief, in determining the appeal, this court may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. In this case there appear to be a number of legitimate issues raised by Maynard that warrant vacating a portion of the trial court's judgment, which the State has elected not to respond to at all. Because it appears Maynard may have owned the dog during the

period of the predicate offenses necessary for the trial court's designation of a dangerous dog, we will address several of the issues below.

{¶11} In this case Maynard was originally cited for a violation of R.C. 955.22(C), which reads, in pertinent part, "no *owner*, *keeper*, or *harborer* of any dog shall fail at any time to do either of the following: * * * (1) Keep the dog physically confined or restrained upon the premises of the owner, keeper, or harborer by a leash, tether, adequate fence, supervision, or secure enclosure to prevent escape; (2) Keep the dog under the reasonable control of some person." (Emphasis added).

{¶12} Maynard pled not guilty to the charge and a pretrial hearing was held, wherein both Maynard and the State agreed that Maynard was no longer the owner of the dog and thus was not the proper party to be charged for a violation of this section of the revised code. On the basis that Maynard was not currently the proper party to be prosecuted, the State requested that the criminal charge against Maynard be dismissed so that the State could refile against the proper party, Shane Harmon.

{¶13} Despite requesting that the criminal charge against Maynard be dismissed, ending all pending matters with Maynard in their totality, the State proceeded in the pretrial hearing by making an oral request that the trial court declare Diesel a "dangerous dog." Revised Code 955.11(A)(1)(a)(iii) governs

designation of a dog as "dangerous," and reads, " 'Dangerous dog' means a dog that, without provocation * * * has * * * [b]een the subject of a third or subsequent violation of division (C) of section 955.22 of the Revised Code."

**{¶14}** Revised Code 955.222 has several provisions that need to be complied with when designating a dog as dangerous under R.C. 955.11.  They read,

> **(B)  If a person who is authorized to enforce this chapter has reasonable cause to believe that a dog in the person's jurisdiction is a nuisance dog, dangerous dog, or vicious dog, the person shall notify the owner, keeper, or harborer of that dog, by certified mail or in person, of both of the following:**
>
> **(1)   That the person has designated the dog a nuisance dog, dangerous dog, or vicious dog, as applicable;**
>
> **(2)   That the owner, keeper, or harborer of the dog may request a hearing regarding the designation in accordance with this section.  The notice shall include instructions for filing a request for a hearing in the county in which the dog's owner, keeper, or harborer resides.**
>
> **(C) If the owner, keeper, or harborer of the dog disagrees with the designation of the dog as a nuisance dog, dangerous dog, or vicious dog, as applicable, the owner, keeper, or harborer, not later than ten days after receiving notification of the designation, may request a hearing regarding the determination.  The request for a hearing shall be in writing and shall be filed with the municipal court or county court that has territorial jurisdiction over the residence of the dog's owner, keeper, or harborer.  At the hearing, the person who designated the dog as a nuisance dog, dangerous dog, or vicious dog has the burden of proving, by clear and convincing evidence, that the dog is a nuisance dog, dangerous dog, or vicious dog.**

> **The owner, keeper, or harborer of the dog or the person who designated the dog as a nuisance dog, dangerous dog, or vicious dog may appeal the court's final determination as in any other case filed in that court.**

{¶15} The record before this Court gives no indication that R.C. 955.222 was complied with in any respect in designating Diesel as a dangerous dog. First, there is no indication that the owner of Diesel, Shane Harmon, was notified in person or via certified mail in such a manner that would allow him to challenge Diesel's designation under R.C. 955.222. In fact, there is no indication at the time of this hearing that he was notified at all.

{¶16} Second, if what transpired at the pretrial hearing was supposed to constitute a hearing challenging Diesel's designation under R.C. 955.222(C), clear and convincing evidence was required to show that Diesel was a dangerous dog. To "prove" that Diesel was a "dangerous dog" under R.C. 955.11 the State orally argued that Diesel had been the subject of three or more previous violations of R.C. 955.22(C). No witnesses testified to this fact, and no evidence was introduced into the record of the prior violations. In fact, no sworn testimony was taken whatsoever, and no documents were introduced into evidence or even referred to in the proceedings. Thus no evidence was presented to sustain the "clear and convincing" burden of proof.

{¶17} In sum, there seem to be multiple valid errors presented by Maynard all of which render the "designation of dangerous dog" portion of the judgment

entry and dismissal to be invalid. Nevertheless, despite Maynard's various arguments challenging the trial court's disposition, Maynard, by her own admission, no longer owns the dog, and there is no indication from the record that Maynard was currently a "keeper" or "harborer" of the dog that would allow her to challenge Diesel's classification in this appeal. The proper party to challenge Diesel's classification would seem to be Shane Harmon, the owner of the dog, or anyone else that would qualify as a "harborer" or "keeper" of the dog under R.C. 955.222. Therefore, on the basis of the record before us, we find that Maynard lacks standing to challenge Diesel's classification as a "dangerous dog" as the classification does not appear to have any bearing on her.[1] Accordingly, as Maynard has demonstrated no stake in Diesel's classification as a "dangerous dog," her appeal is dismissed for lack of standing.

*Appeal Dismissed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**

---

[1] *See State ex rel. Gabriel v. Youngstown*, 75 Ohio St.3d 618, 619 (1996) quoting *Ohio Contract Carriers Assn. v. Pub. Util. Comm.*, 140 Ohio St. 160 (1942), syllabus ("Appeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously *affecting the appellant*.") (Emphasis added.)