EMPLOYEES OWN FEDERAL CREDIT
UNION, Plaintiff-Appellant,

v.

CITY OF DEFIANCE, OHIO; Gaylon Davis, in his official capacity as Defiance City Engineer; Robert Boehm, Charles J. Barber, Frederic J. Behringer, Earl Carroll, Earl Ferland, Delbert Hammon, Rita Kissner, Sally Myers, individually and as Defiance City Councilmen, Defendants-Appellees.

No. 83–3740.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 8, 1984.

Decided Jan. 17, 1985.

Rehearing Denied Feb. 28, 1985.

Michael C. Jones (argued), Patrick H. Young, Young, Bandy & Jones Co., L.P.A., Paulding, Ohio, for plaintiff-appellant.

John J. Burkhart (argued) Toledo, Ohio, for defendants-appellees.

Before MERRITT, WELLFORD and MILBURN, Circuit Judges.

MERRITT, Circuit Judge.

### I.

In this 42 U.S.C. § 1983 action, the District Court held that since the identical

**244**

claim raised in this suit was decided adversely to the plaintiff on the merits in a prior Ohio state court decision, the claim could not be relitigated in federal court under the doctrine of res judicata. We affirm rejecting plaintiff's contention that the prior state court decision is without res judicata effect because plaintiff voluntarily dismissed the state court action before the court's order of dismissal was journalized.

## II.

On February 9, 1979, the plaintiff, Employees Own Federal Credit Union, brought an action in state court against the city of Defiance, Ohio, its city council and several city officials and councilmen. The Credit Union alleged that its federal constitutional rights were violated when the defendants failed to extend water service to a building site it was interested in purchasing beyond the corporate limits of the city of Defiance. JA, 67–71.[1] (Water service was later provided to the same site when requested by another owner.) A jury trial was eventually scheduled for May 4, 1981. On April 24, 1981, the defendants filed a motion to dismiss for failure to state a claim. After considering trial briefs and supporting memoranda, and after a hearing, the state trial court granted the defendants' motion on May 7, 1981.

In a detailed memorandum opinion setting forth findings of fact and conclusions of law, that court found that the Ohio Constitution gave the Defiance City Council the sole authority to decide whether to sell surplus water to lands not within the corporate boundaries. JA, 149. The trial court concluded that "no property interest of the plaintiff was impinged by the refusal of the city to [extend] its water to the plaintiff's property." JA, 150.

The trial court did not enter a judgment for the defendants immediately but allowed the Credit Union 20 days to file an amended complaint and instructed the defendants to prepare a judgment entry. Prior to the expiration of the 20 days, the Credit Union voluntarily dismissed the action under Ohio

Civil Rule 41(A)(1)(a). No appeal was taken, and no journal entry was prepared or entered.

On May 28, 1981, (8 days after dismissing the state court action) the Credit Union brought the present action in District Court, seeking damages under 42 U.S.C. § 1983 for violations of its federal constitutional rights. Plaintiff made the same claim as in state court. JA, 11. The District Court affirmed the Magistrate's order granting defendants' Rule 56 motion for summary judgment on the ground that the Credit Union was barred by res judicata from bringing the federal court action. JA, 235–37. District Judge Potter adopted the Magistrate's finding that plaintiff's voluntary dismissal of its prior state court action prior to the submission of a journalized judgment entry did not avoid the effects of res judicata. JA, 236. Judge Potter agreed with the Magistrate's reasoning that "the key substantive issue was decided by the Court after full briefing, oral argument and the submission of relevant factual material. Relitigation would be a needless duplication of effort and it is more than a little doubtful that any Ohio court would undertake to permit plaintiff to begin all over what was once determined adversely." JA, 236; JA, 198.

## III.

There is no dispute that the Ohio state court decided the same issue presented by this section 1983 suit, and that the Credit Union would have been barred from relitigating its claim had the state court immediately entered judgment rather than granted leave to amend. The Credit Union argues, however, that the prior action does not prevent it from bringing the present suit, even though the suits involve precisely the same claim, because it voluntarily dismissed the state court suit before judgment was entered.

In a decision handed down after briefs in this case were submitted, the Supreme Court held that state law determines the

1. JA refers to the Joint Appendix on this appeal.

preclusive effect of prior state court adjudication in a subsequent section 1983 action brought in federal court. *Migra v. Warren City School District Board of Education,* — U.S. —, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Thus, we must look to Ohio law to determine the res judicata effects of the prior state court action dismissing the Credit Union's claim.

There are no Ohio cases holding that a party may avoid the res judicata effects of a detailed decision on the merits merely by moving for voluntary dismissal before that decision is formally entered in a final judgment. In *Board of Health of St. Bernard v. City of St. Bernard,* 19 Ohio St.2d 49, 249 N.E.2d 888 (1969), the Ohio Supreme Court reversed a decision denying a motion for voluntary dismissal filed after a journalized judgment against the plaintiff, but the court stressed that the prior judgment mentioned nothing of the merits of the case and contained "only the stipulation of facts." 249 N.E.2d at 891. Similarly, the plaintiffs in *Douthitt v. Garrison,* 3 Ohio App.3d 254, 444 N.E.2d 1068, 1071 (1981) were allowed to voluntarily dismiss their suit for damages and avoid the res judicata effects of an order dismissing for failure to claim a specific amount of damages, but that order did not even approach a decision on the merits.

■■■ Since there is no Ohio case on point, we must look instead to general principles of res judicata. One branch of res judicata is the doctrine of issue preclusion or collateral estoppel, under which parties are precluded from relitigating an issue of law or fact which was necessarily decided in a previous final judgment. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Hicks v. De La Cruz,* 52 Ohio St.2d 71, 369 N.E.2d 776, 777 (1977). The Restatement (Second) of Judgments § 13, at 132 (1982) says that "... for purposes of issue preclusion (as distinguished from merger and bar), 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." Here, the state court

issued an opinion with detailed findings of fact and conclusions of law based on pretrial affidavits, depositions, and trial briefs. That decision is "sufficiently firm to be accorded conclusive effect." The Credit Union had a full and fair opportunity to litigate its claim in state court, and we see no reason to allow a party to get an adverse judgment in state court and turn around and sue on the same claim in federal court. One bite at the apple is enough. If federal law required exhaustion of state remedies in § 1983 cases, as in habeas corpus, perhaps some relaxation of the doctrine of res judicata would be justified. But there is no such requirement and no reason to permit the same case to be tried in both courts.

Accordingly, the judgment of the District Court is affirmed.

WELLFORD, Circuit Judge, dissenting.

Although I would prefer to reach the decision stated by the majority because it avoids, in some sense, affording plaintiff "a second bite at the apple," I am constrained by what I view to be the law of Ohio, concededly applicable here, to disagree. *Migra v. Warren County School District,* — U.S. —, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).

In *Board of Health of St. Bernard v. City of St. Bernard,* 19 Ohio St.2d 49, 249 N.E.2d 888 (1969) Supreme Court Judge Robert M. Duncan (now a federal district judge in Columbus) ruled:

After the demurrer to relator's petition was sustained by the Court of Appeals, and relators given the right to plead further, the statutory right of realtors to dismiss without prejudice was absolute. Therefore, the Court of Appeals should have approved the entry of dismissal without prejudice which was tendered on November 13, 1968 [within the time given to amend the petition].

In *McGatrick v. Wason,* 4 Ohio St. 566, this court held:

"Where a general demurrer to a declaration is sustained, and thereupon leave to amend the declaration is given, but the

plaintiff subsequently, instead of amending, discontinues the action, there is no judgment that bars another suit upon the same cause of action."

249 N.E.2d at 891.

In that case the parties stipulated the facts and the trial court ruled favorably on defendants' demurrer, after briefs and argument, (*Id.* at 890) that the demurrer should be sustained, which had the effect of dismissing and/or terminating the proceedings. A journal entry to that effect was entered but the entry provided that plaintiffs "are hereby granted 20 days to file an amended petition." (*Id.* at 890). Within 20 days plaintiffs presented an order for dismissal without prejudice, but the court ruled that since plaintiffs had not actually amended, the action should be dismissed with prejudice. On appeal, defendants argued, as do the defendants in the instant case, that "the stipulation of facts and the arguments presented make it obvious that the case was heard on the merits," and that res adjudicata should apply. Although the Ohio Supreme Court expressed some dissatisfaction about "a circuitous legal adventure in forum selection" not favored, it ruled that under Ohio law plaintiffs had "the absolute right" of dismissal without prejudice, and there was "no discretion to refuse." (*Id.* at 891).

The action in the *St. Bernard* case taken by the trial court on defendants' demurrer was akin to the action taken by the Ohio state court here.[1] Both courts in their orders dealing with the proposed and intended action to be taken after considering facts presented and arguments, decided adversely to plaintiffs' contentions but allowed the plaintiffs 20 days to file an amended complaint. Since the trial court in the instant case did not in fact enter its order until plaintiff had submitted a voluntary dismissal, I would conclude that the plaintiff acted before a final conclusive order was rendered against it.

It follows then that no res judicata effect should have been given. There was no "sufficiently firm" preclusive order entered when plaintiff voluntarily dismissed its action in state court.

I therefore respectfully dissent.

---

1. As to whether it was a final, appealable order, see *Schindler v. Standard Oil Co.,* 165 Ohio St. 76, 133 N.E.2d 336 (1959).