WAGNER ET AL., APPELLEES, v. GALIPO ET AL., APPELLANTS.

[Cite as Wagner v. Galipo (1990), 50 Ohio St. 3d 194.]

(No. 89-110—Submitted January 24, 1990—Decided April 18, 1990.)

*Marvin Melamed,* for appellees.
*Paul Mancino, Jr.,* for appellants.

H. BROWN, J. In this appeal, the Galipos argue that they were entitled to summary judgment as a matter of law because their tenancy by the entireties was executed prior to the recording of the judgment lien held by the Wagners.[1] For the reasons which follow, we find that issues of fact exist on whether the tenancy by the entireties resulted from a fraudulent conveyance. Thus we affirm the decision of the court below.

I

The creation of a tenancy by the entireties was governed by former R.C. 5302.17, which stated in pertinent part:

"A husband and wife who are the sole owners of real property as joint tenants or tenants in common, may create in themselves an estate by the entireties in such real property, by executing a deed as provided in this sec-

---

[1] A judgment lien creditor cannot reach property which the debtor has validly disposed of prior to the recording of the lien. See *Basil* v. *Vincello* (1990), 50 Ohio St. 3d 185, 553 N.E. 2d 602.

tion conveying their entire, separate interests in such property to themselves."[2] 134 Ohio Laws, Part II, 2213, 2217.

The Galipos initially argue that the creation of a tenancy by the entireties is never a fraudulent conveyance because it is not a "conveyance" as that term is defined by R.C. 1336.01(B).[3] We disagree.

This argument ignores the express language of former R.C. 5302.17, which required a husband and wife to execute "a deed * * * *conveying* their entire, separate interests in such property to themselves" in order to create a tenancy by the entireties. (Emphasis added.) Prior to the enactment of former R.C. 5302.17, conversion of a joint tenancy or tenancy in common into a tenancy by the entireties would have required a "straw man" conveyance: a deed by the husband and wife to a third person in fee simple, followed by an immediate conveyance by the third person back to the husband and wife as tenants by the entireties. See Cunningham, Stoebuck & Whitman, The Law of Property (1984) 212-213, Section 5.5.

The statute did not change the nature of the transaction. It merely simplified the mechanics of the process by eliminating the need for the "straw man." Thus, the creation of a tenancy by the entireties was not a "rearranging of the joint ownership of the property in question * * *," as appellants contend, but a *conveyance* of an interest. It is a "conveyance" as defined in R.C. 1336.01(B).

Accordingly, we hold that the creation of a tenancy by the entireties pursuant to former R.C. 5302.17 by a debtor and his or her spouse may constitute a "fraudulent conveyance" as defined in R.C. Chapter 1336.

Our holding supports the objectives of R.C. Chapter 1336. If we were to adopt appellants' position and hold that creation of an estate by the entireties (or creation of a survivorship tenancy under the current law) could never be a fraudulent conveyance, this would permit a married debtor to avoid both the obligation to his creditors and the operation of R.C. Chapter 1336 by placing all his property into tenancy by the entireties, as the Wagners allege Mr. Galipo is attempting to do.[4]

---

[2] Sub. S.B. No. 201, effective April 4, 1985, enacted the current version of R.C. 5302.17, replacing the tenancy by the entireties with a "survivorship tenancy." 140 Ohio Laws, Part I, 545, 556-557. However, R.C. 5302.21, also enacted by Sub. S.B. No. 201, provides that tenancies by the entireties created under former R.C. 5302.17 continue to be valid. 140 Ohio Laws, Part I, 545, 560. The current version of R.C. 5302.17 contains a similar procedure for creation of a survivorship tenancy. 140 Ohio Laws, Part I, 545, 556-557.

[3] A "conveyance" is defined in R.C. 1336.01(B) as "every payment of money, assignment, release, transfer, lease, mortgage, or pledge of tangible or intangible property, and also the creation of any lien or encumbrance."

[4] R.C. 1336.11, not cited by either party, also provides support for our holding. That section provides that, in all cases not provided for by R.C. Chapter 1336, "* * * the rules of law and equity including the law merchant, and in particular the rules relating to * * * the effect of fraud * * * or other invalidating cause shall govern." Even if we were to find that creation of a tenancy by the entireties is not a "conveyance" as defined in R.C. 1336.01(B), it could still be a fraudulent conveyance under the common law, which R.C. Chapter 1336 expressly preserves intact. *Locafrance United States Corp.* v. *Interstate Dist. Serv., Inc.* (1983), 6 Ohio St. 3d 198, 201-202, 6 OBR 252, 255, 451 N.E. 2d 1222, 1225.

## II

The Galipos next contend that the Wagners made no claim in their complaint that the creation of the estate by the entireties was a fraudulent conveyance. They say the court below made an "unauthorized amendment of the pleadings."

This argument confuses the *issue* of a fraudulent conveyance with a *claim* of common-law fraud. Complaints alleging fraud must be pleaded with particularity. Civ. R. 9(B). However, a conveyance may be "fraudulent as to creditors" under R.C. Chapter 1336 if it renders the debtor insolvent, "without regard to his actual intent[,]" and even if there is no evidence of misrepresentation by the debtor. R.C. 1336.04; see, also, *Sease* v. *John Smith Grain Co.* (1984), 17 Ohio App. 3d 223, 17 OBR 489, 479 N.E. 2d 284. The issue of whether a particular conveyance is fraudulent could be raised in the pleadings, but it could also arise while an action is pending, or even after judgment is rendered, depending on the actions of the debtor and the knowledge of the creditor. No purpose would be served by formally requiring the creditor to amend the pleadings or file a supplemental complaint whenever the debtor makes, or the creditor discovers, during foreclosure proceedings, a transfer which appears to be a fraudulent conveyance.

Therefore, we hold that where the defendant claims to have no interest in the subject property of a foreclosure action because it has been conveyed to another and the issue of fraudulent conveyance is raised on the facts of the case, such issue may be adjudicated by the court regardless of whether it is pleaded in the complaint.

## III

The Galipos' final argument is that they were entitled to summary judgment as a matter of law because property held by the entireties cannot be foreclosed upon to satisfy the individual debts of one spouse.

Where property is held in a valid tenancy by the entireties, it cannot be used to satisfy the creditors of one spouse without the consent of the other. *Central Natl. Bank of Cleveland* v. *Fitzwilliam* (1984), 12 Ohio St. 3d 51, 12 OBR 43, 465 N.E. 2d 408. However, in the instant case, there are genuine issues of material fact regarding whether the tenancy by the entireties is valid. The parties disagree on whether Mr. Galipo was physically present at the place and time that the deed was purportedly signed by him. If he was not, the deed was fraudulently executed and the estate was not validly created. Even if otherwise validly created, the estate could be set aside as a fraudulent conveyance if its creation, without a fair consideration, rendered Mr. Galipo insolvent, R.C. 1336.04, or if it was created with actual intent "to hinder, delay, or defraud either present or future creditors * * *." R.C. 1336.07.

The trial court made no specific findings on these issues. Because these issues remain unresolved, summary judgment for either party is inappropriate.

For the foregoing reasons, we affirm the judgment of the court of appeals and remand the case for further proceedings consistent with this opinion.

*Judgment affirmed*
*and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and RESNICK, JJ., concur.

DOUGLAS, J., concurs in the syllabus and judgment.

DOUGLAS, J., concurring in the syllabus and judgment. While I concur in the law set forth by the majority, I write separately to express my disagreement with footnote 1. I continue to believe that *Basil* v. *Vincello* (1990), 50 Ohio St. 3d 185, 553 N.E. 2d 602, does not reach a proper result and will cause much practical difficulty in the marketplace for lawyers, title companies, lending institutions and others who are actively engaged in the buying, selling, financing, transferring and conveying of real property. It is a basic premise that we depend on the recording statutes to place the "world" on notice when dealing with real estate. Because I believe that *Basil* turns this basic premise on its head, I cannot concur in the majority's citing to the case, especially when the issues decided herein are completely independent of those decided in *Basil*.