**Donald R. BIRGEL, Plaintiff–Appellant,**

v.

**BOARD OF COMMISSIONERS OF BUTLER COUNTY, OHIO, Defendant–Appellee.**

No. 96–3895.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 5, 1997.

Decided Sept. 16, 1997.

David Alan Caldwell (argued and briefed), Wood & Lamping, Cincinnati, OH, for Plaintiff–Appellant.

Jack Clyne McGowan (argued and briefed), Scheper & McGowan, Hamilton, OH, for Defendant–Appellee.

Before: KENNEDY, CONTIE, and COLE, Circuit Judges.

KENNEDY, J., delivered the opinion of the court, in which COLE, J., joined. CONTIE, J. (pp. 952–53), delivered a separate concurring opinion.

KENNEDY, Circuit Judge.

Plaintiff, Donald R. Birgel, appeals from the District Court's order granting summary judgment to defendant, Board of Commissioners of Butler County, Ohio, in this diversity action for breach of contract. For the reasons set forth below, we conclude that plaintiff is precluded from relitigating in federal court the issues previously decided by a state court. The judgment of the District Court is, therefore, **AFFIRMED**.

## I.

In early 1991, the Board of Commissioners of Butler County ("Board") adopted a plan to provide county employees with access to dis-

ability insurance. Following the opinion of an assistant prosecuting attorney for Butler County, the Board followed the competitive bidding procedures of Ohio Revised Code §§ 307.86–.921. On January 29, 1991, and February 5, 1991, the Board sought bids for the project through advertisements. The bids were opened on February 14, 1991; plaintiff, an insurance agent, submitted a bid which was accepted by the Board on March 28, 1991. Over fifty percent of the 350 employees Birgel contacted purchased the insurance coverage offered by him. The County deducted the premiums for the insurance from the employees' payrolls.

Following the Board's acceptance of plaintiff's bid, at least one unsuccessful bidder complained to the prosecutor's office that the notice of the bidding procedure was defective. On September 24, 1991, pursuant to the complaints and the opinion of the prosecutor's office that the bidding specifications were defective,[1] the Board rescinded its acceptance of Birgel's bid and instituted a new bidding process. When the Board readvertised for bids, a bid of another party was accepted.

As a result of the Board's rescission of Birgel's bid, Birgel instituted an action in the Court of Common Pleas of Butler County, Ohio, against the Board of Commissioners of Butler County alleging breach of contract. On February 3, 1994, the state court granted summary judgment on behalf of the defendant[2] on the grounds that the alleged contract for disability insurance was not subject to the competitive bidding requirement of O.R.C. § 307.86 and that, because Birgel had no contract with the Board, his claim for breach of contract was meritless.

On appeal, the Ohio Court of Appeals treated the trial court's dismissal as one for failure to state a claim and held as follows:

> When judgment was entered, the cause was pending upon nothing more than Birgel's motion for a summary judgment, and ... this court is of the opinion that the motion was properly overruled by the common pleas court. However, such action did not conclude the matter, and the subsequent dismissal of the action without notice was premature.
>
> While the materials submitted by the plaintiff in support of his motion for a summary judgment were inadequate to establish an enforceable contract, he may have been able to amend his complaint to frame a cause of action for the damages he incurred as a result of the faulty bidding procedure. In other words, it does not appear beyond doubt that Birgel can prove no set of facts which might support his claim for damages in some amount.
>
> A dismissal under either Civ. R. 12(B)(6) or Civ. R. 56 operates as an adjudication on the merits, and even though the failure of the appellant to present sufficient evidence to support the existence of a contract substantially depreciates his claim for relief, he was nevertheless entitled to notice of the action that the trial court intended to take.
>
> Accordingly, and in order to afford appellant an opportunity to be heard as to any remaining issue in the case, the judgment must be reversed and the cause remanded to the common pleas court for a resumption of the proceedings at the juncture where the assignment of error is sustained.

Subsequently, Birgel voluntarily dismissed his case and filed the present action in the United States District Court for the Southern District of Ohio on February 2, 1995 alleging the identical contract claim. On March 1, 1996, Birgel filed a partial motion for summary judgment on the issue of liability. On April 12, 1996, the District Court issued a show cause order as to whether the case should be dismissed under the doctrine

---

**1.** The prosecutor's office alleged that Birgel's bid failed to include written provisions for the county's law enforcement officers. Apparently, Birgel submitted a bid utilizing Monarch Insurance company which did not include the law enforcement officers; Birgel's bid contemplated utilizing a separate insurance policy for the officers which was not submitted with Birgel's bid.

**2.** The defendant did not file a motion for summary judgment. Rather, following the plaintiff's partial motion for summary judgment, the court entered judgment on behalf of the defendant.

of *res judicata*. Following receipt of plaintiff's response to the show cause order, the District Court, on May 7, 1996, held that the case was not barred by *res judicata* because there was no final judgment in state court. The court then ordered the defendant to file a motion for summary judgment regarding plaintiff's breach of contract claim. Following the filing of defendant's motion for summary judgment, the District Court, on July 17, 1996, granted summary judgment on behalf of the defendant on the ground that plaintiff's claim for breach of contract was barred by the law of the case doctrine. Plaintiff appeals from the order granting summary judgment on behalf of the defendant.

## II.

■ Our standard of review of a grant of summary judgment is *de novo;* we use the same test as used by the district court. *See Brooks v. American Broadcasting Cos.*, 932 F.2d 495, 500 (6th Cir.1991). We view the evidence in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Summary judgment is proper if the evidence " 'show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law.' " *See* Fed.R.Civ.P. 56(c); *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 601 (6th Cir.1988)(quoting Fed.R.Civ.P. 56(c)).

## III.

■ The District Court was correct in concluding that Birgel is barred from bringing the current action for breach of contract in federal court. We so conclude, however, with somewhat different reasoning than that used by the District Court. The District Court ultimately concluded that plaintiff's case was barred by the law of the case citing an unpublished decision of our Court, *Ellison v. Empire General Life Insurance Co.*, No. 89–3879, 1990 WL 191630 (6th Cir. Dec. 3, 1990), which relied on the doctrine of law of the case to bar an action in federal court.

While the plaintiff in *Ellison* did voluntarily dismiss an action she had commenced in state court for recovery of insurance proceeds following a remand by the state appellate court, plaintiff did not file her second action in federal court. Rather, plaintiff instituted a second action in state court which the defendant removed to federal court. *Id.* 1990 WL 191630 at * 2. It has been the practice of several federal courts to apply the law of the case doctrine when a state court action has been removed to federal court. *See, e.g., Rekhi v. Wildwood Indus., Inc.*, 61 F.3d 1313, 1317–18 (7th Cir.1995)("It would be a far different matter if Rekhi's state court suit had been removed or otherwise transferred to federal court. The doctrine of law of the case would apply, for it would be the same suit, albeit in different courts. But that is not what happened. Rekhi started over [in federal court]."); *Redfield v. Continental Cas. Corp.*, 818 F.2d 596, 605 (7th Cir.1987)("Although the law of the case doctrine is most commonly applied to govern the conduct of litigation on remand after an appeal, the doctrine also applies when a state court action is removed to federal court"); *see also* 1B Moore's Federal Practice ¶ 0.404[6], at 501.

In the instant case, however, the defendant did not remove Birgel's action to federal court; rather, Birgel voluntarily dismissed his state court action and filed a new action in federal court. We conclude, nevertheless, that Birgel is bound by the pronouncements of the Ohio Court of Appeals pursuant to the Supreme Court's decision in *Stoner v. New York Life Insurance Co.*, 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284 (1940). In *Stoner,* Lewis Stoner brought suit in a Missouri state court seeking payment of disability benefits due from the defendant insurance company. Following a verdict for New York Life, the state appellate court held that the evidence was sufficient to take the case to the jury but that certain jury instructions were erroneous. It, accordingly, remanded the case for a new trial. *Id.* at 466, 61 S.Ct. at 337. Stoner unsuccessfully sought a writ of certiorari from the Missouri Supreme Court. Two years after the filing of his first suit, but before retrial of the action, Stoner instituted

two more actions in Missouri state courts to recover disability benefits which had accrued since the institution of the first action. *Id.* One action was tried and Stoner obtained a favorable verdict. On appeal, the appellate court reversed because of incorrect jury instructions but again held that the evidence was sufficient to reach the jury. Accordingly, the court remanded the case for a new trial. *Id.*

Before any of these actions were retried, the insurance company filed an action in federal district court seeking a declaratory judgment that Stoner was not totally disabled under the disability plan. *Id.* The district court's verdict in favor of Stoner was reversed by the Eighth Circuit on the ground that Stoner was not totally disabled. The Supreme Court held that the Eighth Circuit erred in failing to follow the two decisions of the state court of appeals which had held there was a sufficient jury question as to whether Stoner was disabled. In doing so, the Court, citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), stated:

> ... where jurisdiction rests on diversity, federal courts must follow the decisions of intermediate state courts in the absence of convincing evidence that the highest court of the state would decide differently. *In particular this is true where the intermediate state court has determined the precise question in issue in an earlier suit between the same parties,* and the highest court of the state has refused review. Twice the Kansas City Court of Appeals had before it appeals involving the same parties, insurance contracts, and facts as are involved here ... Each time the Kansas City Court of Appeals expressly stated that the evidence as to total disability presented a question for the jury.

*Id.* at 467–68, 61 S.Ct. at 338 (internal citations omitted)(emphasis added). While the Supreme Court held the federal court was bound to apply the decisions of the state appellate court, it did not say under what doctrine, beyond *Erie*, it was bound to do so. Whether *Stoner* was employing law of the case,[3] *Erie Railroad v. Tompkins,* or instead some form of *res judicata* or collateral estoppel is unclear. Ordinarily, *res judicata* and collateral estoppel both require a final judgment which was not present in *Stoner* and is technically not present in the current action. Our Court, however, has applied collateral estoppel even where a final judgment has not been entered. In *Employees Own Federal Credit Union v. City of Defiance,* 752 F.2d 243 (6th Cir.1985), plaintiff filed suit in Ohio state court alleging a violation of its federal constitutional rights when defendant refused to provide water service to a building site plaintiff intended to purchase while defendant later provided water service to the same site purchased by another entity. The state court addressed the merits of the claim and granted the defendant's motion to dismiss. Before the trial court entered judgment for the defendant, the court permitted plaintiff time to file an amended complaint. Instead of amending its complaint, the plaintiff voluntarily dismissed the action and brought an identical suit in federal court. *Id.* at 244.

Without Ohio law on point, our Court looked to general principles of collateral estoppel and specifically to The Restatement (Second) of Judgments § 132 at 132 (1982) which provides, " ... for purposes of issue preclusion (as distinguished from merger and bar), 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Employees Own Federal Credit Union,* 752 F.2d at 245. Adhering to that language, our Court concluded that, because the state court "issued

---

**3.** Moore's Federal Practice is of the opinion that law of the case does apply to a case begun anew in federal court because of the principle underlying *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938):

> in a non-federal matter where the state substantive rule has been established in state court litigation that is still pending or has been dismissed without prejudice, the state rule constitutes the law of the case in another action in the federal court involving the same matter and the same parties ... unless, of course, the rule enunciated no longer represents the state law.

1B Moore's Federal Practice ¶ 0.404[7], at 521. As support for this conclusion, Moore cites to *Stoner.*

an opinion with detailed findings of fact and conclusions of law based on pretrial affidavits, depositions, and trial briefs ... that decision is 'sufficiently firm to be accorded conclusive effect.' " *Id.* The court further reasoned that plaintiff had a full and fair opportunity to litigate its claim in state court; thus, it saw no reason "to allow a party to get an adverse judgment in state court and turn around and sue on the same claim in federal court. One bite at the apple is enough." *Id.*

With the guidance of both *Stoner* and *Employees Own Credit Union,* we conclude the District Court correctly declined to decide anew the question of whether Birgel has stated a cause of action for breach of contract. As in *Stoner,* the state appellate court, while remanding the case to the state trial court, arrived at a conclusive decision as to plaintiff's breach of contract claim. In the court's opinion, plaintiff's pleadings and proofs were insufficient to state a cause of action for breach of contract. The appellate court only remanded the case to afford Birgel an opportunity to construct a theory of recovery other than breach of contract to recoup any damages he may have incurred. *See United States v. Harris Trust & Sav. Bank,* 470 F.2d 6 (7th Cir.1972)(In a suit to collect federal estate taxes, where the state supreme court had three times held that a will was to be interpreted in two thirds of decedent's trust estate being a determinable fee, the declarations of the state supreme court were binding in the federal court case).

■ As in *Employees Own Federal Credit Union,* despite the lack of a final entered judgment, the Ohio Court of Appeals has spoken "sufficiently firm" and, therefore, conclusively on the issue of whether plaintiff may maintain an action for breach of contract on the facts alleged by the plaintiff. As we noted in *Employees Own Federal Credit Union,* we will not permit a plaintiff to abandon his failing state court suit and file a virtually identical suit in federal court in hopes of achieving a more favorable result.

## IV.

For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**

CONTIE, Circuit Judge, concurring.

The district court dismissed Donald R. Birgel's breach of contract action against the Butler County Board of Commissioners pursuant to the law of the case doctrine. Because the law of the case doctrine necessitates the dismissal of this action, and because I am of the opinion that the majority does not directly reference whether it relies on the law of the case doctrine, res judicata, collateral estoppel, or some other jurisdictional doctrine derived from *Stoner v. New York Life Insurance Co.* and *Erie Railroad Co. v. Tompkins* to dismiss this action, I write separately.

The law of the case doctrine dictates that findings made at one point in the litigation become binding precedent to be followed in successive stages of the same litigation. *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983); *United States v. Moored,* 38 F.3d 1419, 1421 (6th Cir.1994). This doctrine protects against the relitigation of settled issues and preserves the finality of judgments. Though Birgel argues that the law of the case doctrine is inapplicable because he dismissed his state court action and filed a new action (*i.e.,* not the "same litigation") in federal court, the distinction is irrelevant. In fact, in *United States v. Todd,* 920 F.2d 399 (6th Cir.1990), this court held:

Under the doctrine of the law of the case, a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation. This doctrine applies with equal vigor to the decisions of a coordinate court in the same case and to a court's own decisions. The purpose of this doctrine is twofold: (1) to prevent the continued litigation of settled issues; and (2) to assure compliance by inferior courts with the decisions of superior courts....

. . . .

Finally, we note that the law-of-the-case doctrine can be applied to rulings made in a case that ends in a mistrial. Otherwise, a court would be required to rule *de novo* on every issue previously decided in a prior proceeding that ends in a mistrial. This

would be inefficient, particularly when the previous trial had progressed considerably. In such a situation, the law-of-the-case doctrine would prove useful. A court may recognize and enforce prior rulings based on this doctrine, but also retains the power to reconsider previously decided issues as they arise in the context of a new trial.

*Id.* at 403–04 (citations and footnote omitted). Because the law of the case doctrine can be applied to rulings that are made in a case that ends in a mistrial, *id.*, I see little reason to deny the applicability of the law of the case doctrine to this action where the determinative issue was decided by a state appellate court in an earlier action between the same parties prior to the voluntary dismissal of the state court action. *See* Moore's Federal Practice § 134.22[3][c][iii] (3d ed. 1997) ("In some cases, giving law of the case effect to a state court's determination of an issue will be especially appropriate because the state court determination will be the best evidence available of what the law of the state is. In such circumstances, a federal judge may properly give greater deference to the prior determination of an issue by the state court judge.").

Once an issue has been decided, the law of the case doctrine permits issues to be reopened only where there is "substantially different evidence raised on subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly erroneous decision which would work a manifest injustice." *United States v. Moored*, 38 F.3d at 1421 (internal quotations and citations omitted). "This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 2177, 100 L.Ed.2d 811 (1988).

In *Ellison v. Empire General Life Ins. Co.*, 919 F.2d 140 (6th Cir.1990) (unpublished), this court expressly rejected the argument that the law of the case doctrine does not bind federal district courts sitting in diversity:

> Basically, the plaintiff argues that the law of the case established in a state court should not bind a federal district court sitting in diversity. This proposition is erroneous. The Supreme Court has clearly stated its support for applying law of the case doctrine.... The doctrine applies where a competent court has decided a rule of law and that issue is raised in subsequent stages of the same case, especially where the parties have had a full and fair opportunity to litigate. In general, the Court justifies application of law of the case doctrine because its application conserves judicial resources, saves adversaries from the expense and vexation of multiple lawsuits, and reduces the possibility of inconsistent opinions.
>
> These reasons justify application of the doctrine of law of the case to the case at bar. The case has involved extensive discovery at the state court level, was heard, and then appealed to the state appellate court. Upon remand, the case was further litigated, until plaintiff voluntarily withdrew her case and filed the same action in the state court of another county.
>
> . . . .
>
> While a reviewing federal court may reopen issues of law decided by a state court if the federal court is satisfied that the state court made a mistake in interpreting state law, we find no indication that the Ohio appellate court so erred in this case. Accordingly, we hold that the district court correctly accepted the findings of the Ohio appellate court and limited the issues at trial to those remanded by that court.

*Id.* (citations and footnote omitted).

In this diversity action, Birgel is bound (pursuant to the law of the case doctrine) by the state court's substantive finding that he did not enter into an enforceable contract with the Board. As a practical matter, the dismissal of Birgel's action conserves judicial resources, limits the expense of multiple lawsuits, and reduces the possibility of inconsistent results.

Because the district court properly dismissed Birgel's breach of contract action pursuant to the law of the case doctrine, I would affirm for that reason alone.