**VAN–AMERICAN INSURANCE COMPANY, et al., Plaintiffs,**

v.

**Pauline SCHIAPPA, et al., Defendants.**

**No. C2–99–511.**

United States District Court, S.D. Ohio, Eastern Division.

Jan. 31, 2000.

---

Marlin Jay Harper, Kinder, Harper & Hazlett, St. Clairsville, OH, for plaintiffs.

Ralph Edward Breitfeller, McGrath & Breitfeller, Columbus, OH, for defendants.

## OPINION AND ORDER

SARGUS, District Judge.

This matter is before the Court for consideration of the defendants' combined motion to dismiss, or alternatively, for a more definite statement and for summary judgment together with a motion for a more definite statement pursuant to Rule 12(e). (Doc. 5).

## I.

The Court will first consider the defendants' motion to dismiss, made pursuant to Fed.R.Civ.P. 12(b)(6) and for summary judgment, made pursuant to Fed.R.Civ.P. 56. While the motions primarily challenge the sufficiency of the plaintiff's Complaint, the defendants correctly note that they have submitted additional documents which involve matters outside of the pleadings. These documents consist of the pleadings and judicial decisions rendered in a prior state court proceeding, *Van–American Insurance Company, et al. v. Pauline A. Schiappa, et al.,* Jefferson County, Ohio, Court of Common Pleas, Case No. 97–CV–202 and Court of Appeals, Seventh Appellate District, Case Nos. 97–JE–42 and 46. The plaintiffs have submitted an affidavit of Attorney John Preston Bailey relative to efforts made by the plaintiffs to obtain information relevant to the matters set forth in the Complaint.

While both the motion to dismiss and motion for summary judgment raise primarily legal issues, the matters raised therein by the defendants will be considered by the Court under the standards set forth in Fed. R.Civ.P. 56, in that matters outside the pleadings have been relied upon in the briefing of the motions. The defendants have placed the plaintiffs on notice of such fact and have expressly moved for summary judgment under Rule 56.

## II.

The facts relevant to consideration of the three pending motions are not in dispute. In November 1990, a company known as American Industries and Resources Corporation applied to the plaintiffs [1] for the issuance of a reclamation bond to cover certain mining operations in the State of Iowa. Thereafter, on July 24, 1991, Orlando C. Schiappa, now deceased, executed a general contract of indemnity, whereby he agreed to indemnify and hold the plaintiffs harmless from any losses incurred on payouts upon the reclamation bond.

Thereafter, the plaintiffs were required to pay to the State of Iowa the sum of $415,-000.00. Subsequently, American Industries and Resources Corporation filed for relief under Chapter 11 of the United States Bankruptcy Code. In November 1994, plaintiffs made formal demand for indemnification from Orlando C. Schiappa.

The plaintiffs filed suit against Orlando C. Schiappa in the Court of Common Pleas of Jefferson County, Ohio. A judgment was rendered in favor of the plaintiffs on November 1, 1996 in the amount of $400,000.00, plus interest. On March 10, 1997, plaintiffs filed a complaint in the Jefferson County Court of Common Pleas, against the same five defendants named in this case. In the first three counts, plaintiffs alleged that, prior to his death, Orlando Schiappa made transfers in violation of the Ohio Uniform Fraudulent Transfer Act, O.R.C. § 1336.01 *et seq.* The complaint sought an avoidance of the transfers to the extent necessary to satisfy the preexisting judgment. In the fourth count of the complaint, plaintiffs sought the imposition of a constructive trust on assets transferred to the defendants for the benefit of the creditors of Orlando Schiappa.

On June 20, 1997, the Jefferson County Court of Common Pleas granted the defendants' motion to dismiss the complaint. The court determined that under Ohio R.Civ.P. 9(b), the complaint failed to allege with particularity the circumstances constituting fraud. The court held that the plaintiffs cited to no particular transfer or conveyance of any specific property, but instead made a general allegation of fraudulent conveyances occurring prior to November 10, 1994. Further, the court noted that the complaint did not differentiate between or among the defendants as to the conduct asserted by the plaintiffs. The court thereupon dismissed the complaint without prejudice. (*See Exhibit B* attached to *Defendants' Motion to Dismiss*).

Following an appeal by the plaintiffs, the Court of Appeals for the Seventh District of Ohio determined that it was without jurisdiction to review the decision of the trial court, since the complaint had been dismissed without prejudice. The Court of Appeals noted that following the decision of the trial court, the plaintiffs herein could simply have filed a new complaint. The court noted in passing, however, that, "[w]e should prefer to reach the merits of this case, particularly where, as here, we believe the trial court's dismissal was partly in error." (*Exhibit C* at 8 attached to *Defendants' Motion to Dismiss*).

Rather than refile in state court, plaintiffs initiated this action. The Complaint in the instant matter is identical to the complaint dismissed by the Jefferson County Court of Common Pleas, with the exception that paragraphs 3, 4 and 5 of the instant Complaint plead facts sufficient to invoke this Court's diversity jurisdiction. 28 U.S.C. § 1332.

## III.

The defendants assert that they are entitled to summary judgment on the basis that principles of *res judicata* and collateral estoppel prevent a relitigation of the issues raised in the complaint dismissed by the Jefferson County Court of Common Pleas. The defendants primarily rely upon the case of *Birgel v. Board of Comm. of Butler County, Ohio,* 125 F.3d 948 (6th Cir.1997), *cert. denied,* 522 U.S. 1109, 118 S.Ct. 1038, 140

---

1. Plaintiff Clarendon National Insurance Company ["Clarendon"] is an insurance company in the business of providing reclamation bonds to companies such as American Industries and Resources Corporation, which engages in coal mining activities. Plaintiff Van American Insurance Company ["Van American"] services such bonds and acts as an agent and reinsurer. (Complaint at ¶ 1)

L.Ed.2d 104 (1998). In *Birgel,* the plaintiff brought an action in the Court of Common Pleas of Butler County, Ohio, alleging that the board of commissioners breached a contract. Thereafter, the state court granted summary judgment on behalf of the defendant. The Ohio Court of Appeals affirmed the decision. The Court of Appeals, however, remanded the case to the state trial court to give the plaintiff an opportunity to amend his complaint and raise other causes of action.

Rather than amending the complaint, the plaintiff in *Birgel* voluntarily dismissed his state case and filed an action in Federal District Court alleging the identical contract claim which had been dismissed by the state trial court and thereafter affirmed by the Ohio Court of Appeals. The District Court granted summary judgment on plaintiff's contract claim finding that the same was barred by the law of the case doctrine.

While the United States Court of Appeals for the Sixth Circuit affirmed the decision of the District Court, it did so based on the principles of *res judicata* and collateral estoppel as enunciated in *Stoner v. New York Life Insurance Co.,* 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284 (1940). *Birgel,* 125 F.3d at 950–51. The Sixth Circuit noted that the state courts had conclusively determined that the defendant was entitled to judgment with respect to plaintiff's claim for breach of contract. In his concurrence, Judge Contie explained:

> As in *Stoner,* the state appellate court, while remanding the case to the state trial court, arrived at a conclusive decision as to plaintiff's breach of contract claim. In the court's opinion, plaintiff's pleadings and proofs were insufficient to state a cause of action for breach of contract. The appellate court only remanded the case to afford Birgel an opportunity to construct a theory of recovery other than the breach of contract ... [W]e will not permit a plaintiff to abandon his failing state court suit and file a virtually identical suit in federal court in hopes of achieving a more favorable result.

*Id.* at 952 (Contie, J., concurring).

The principles followed in *Birgel* are straightforward and fundamental. First, as a matter of comity, a federal court should not be used by a litigant who has been unsuccessful in identical claims made before a state court. Second, relitigation of an issue already determined by a court of competent jurisdiction defeats the goal of finality of judgments. Finally, permitting an unsuccessful litigant in state court to raise virtually identical issues in a subsequent federal lawsuit encourages forum shopping.

In *Birgel,* application of these principles required dismissal of the subsequent federal suit. The breach of contract claim raised in the federal lawsuit had been conclusively terminated in a manner adverse to the plaintiff. While the state Court of Appeals remanded the case to the trial court and permitted the plaintiff to amend, the order of remand in no way undercut the finality of the judgment regarding the contract claim made by the trial court and affirmed by the Court of Appeals.

The circumstances in the case at bar are fundamentally different. The Jefferson County Court of Common Pleas dismissed plaintiff's complaint without prejudice. On appeal, the Court of Appeals held that it was without jurisdiction to entertain the issues raised by the plaintiff; nonetheless, the Court of Appeals questioned whether the order of dismissal by the trial court was appropriate. In any event, at the time this case was filed in federal court, the plaintiffs were free to refile a complaint in state court, since the original dismissal was without prejudice. The Court of Appeals expressly declined to exercise jurisdiction over the appeal because "appellants could simply have filed a new complaint." (*Exhibit C* at 7 attached to *Defendants' Motion to Dismiss.*)

It is precisely because the trial court's dismissal was without prejudice that the *Birgel* decision is inapposite. Plaintiffs have taken the same course in filing a new Complaint in federal court that they could have taken in Jefferson County Court of Common Pleas. In *Birgel,* the plaintiff sought, in essence, to undo an otherwise final determination by the trial court and Court of Appeals that his contract claims were meritless. In this case, the plaintiffs face no bar based

on doctrines of *res judicata,* collateral estoppel, or law of the case, preventing a refiling of the case in state court. Therefore, this Court concludes that having the right to refile a new complaint in state court, plaintiffs also have the right to file a Complaint in this Court.

The Court does note its concern, however, with the fact that the plaintiffs have filed a complaint virtually identical to that which the state trial court dismissed for failure to comply with Ohio R.Civ.P. 9(b). The Court is aware that the plaintiffs are essentially asking this Court to, in some respects, review and perhaps differ with the decision reached by Judge Mascio in dismissing the complaint without prejudice. Under the circumstances, however, a dismissal without prejudice in state court permits a refiling of the case in federal court, if the jurisdiction of this Court is otherwise properly invoked.

For these reasons, the motion of the defendants for a judgment under either Rule 56 or 12(b)(6) based on collateral estoppel, *res judicata* or law of the case is overruled.

## IV.

The more troublesome issue raised by the defendants under Rule 12(b)(6) is whether the plaintiffs have satisfied the pleading requirements of Rule 9(b). The defendants allege that, under Rule 9(b), the plaintiffs have failed to plead fraudulent conduct with sufficient particularity to provide the defendants with fair notice to allow them to prepare an informed responsive pleading. The defendants assert that the plaintiffs are required to plead time, place, and content of the alleged fraudulent conduct, none of which is set forth in the Complaint.

The plaintiffs aver, through the affidavit of Attorney John Preston Bailey, that the Complaint has been pleaded as particularly as is currently possible, in the absence of discovery. The plaintiffs assert that the information relative to the specifics of alleged fraudulent conveyances is within the sole possession of the defendants and that the plaintiffs have tried in vain to obtain such information. Further, the plaintiffs argue that Rule 9(b) applies in actions alleging common law fraud, or similar claims, but does not apply to actions based on the Ohio Uniform Fraudulent Transfer Act, R.C. § 1336.01 *et seq.*

Fed.R.Civ.P. 9(b), which is identical to Ohio Rule 9(b) states in its entirety:

**Fraud, Mistake, Condition of the Mind.** In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

■ Under *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), in diversity cases, the substantive law of the state is controlling legal authority. *See also* 28 U.S.C. § 2072. With respect to matters of pleadings and procedure, the Federal Rules of Civil Procedure apply, rather than the law of the state. *Barrett v. Tallon,* 30 F.3d 1296, 1300 (10th Cir.1994).[2]

While Fed.R.Civ.P. 9(b) and the cases interpreting the same provide the controlling legal authority as to the procedural issues raised by the defendant's motion, this Court first looks to the substantive law of Ohio to determine whether the action brought by the plaintiffs is in fact based on fraud. Questions of Ohio law, if answered by the Ohio Supreme Court, bind a district court exercising diversity jurisdiction. *Northland Ins. Co. v. Guardsman Products, Inc.,* 141 F.3d 612, 617 (6th Cir.1998).

■ All of the claims asserted by the plaintiffs in the case at bar are based upon the Ohio Uniform Fraudulent Transfer Act, O.R.C. § 1336.01 *et seq.* Count One of the Complaint alleges that the decedent-debtor, Orlando Schiappa, made voluntary transfers of valuable property to the defendants without receiving a reasonably equivalent value in

---

**2.** In limited circumstances, not applicable to the case at bar, certain state requirements with respect to pleadings in medical malpractice or product liability cases have been held to constitute the substantive law of the state and may therefore be applicable in suits based on the court's diversity jurisdiction. *See generally* 2 James Wm. Moore et al., Moore's Federal Practice ¶ 9.10[3] (3d ed.1999).

exchange for the transfers at a time when he was insolvent. The conduct alleged in Count One is actionable under R.C. § 1336.05. In Count Two, plaintiffs allege that Orlando Schiappa was engaged in a business for which his remaining assets were unreasonably small in relation to such business. If true, such averments are actionable under R.C. § 1336.04. In Count Three, plaintiffs aver that Orlando Schiappa made certain transfers with the actual intent to hinder, delay or defraud one or more creditors, which would otherwise be actionable under R.C. § 1336.04(A)(1). The final count of the Complaint seeks the imposition of a constructive trust on such transferred assets.

Initially, the Court notes that Fed.R.Civ.P. 9(b) refers to "averments of fraud," which this Court understands to describe the type of claim asserted, rather than the naming of such claim. Ohio courts have found that claims for fraudulent conveyance, made under O.R.C. § 1336.01 *et seq.*, are not at all similar to claims for common law fraud. As the Franklin County Court of Appeals recently noted:

> [I]n order to state a claim for fraud at common-law, a plaintiff must show (1) a material false representation, (2) knowingly made, (3) with the intent to induce reliance, (4) reasonable reliance upon misrepresentation by the plaintiff, and (5) damages proximately caused by the reliance. Comparing the elements of common law fraud with the statutory action of fraudulent transfer, it is immediately apparent that the causes bear very little relation to one another. In particular, the element of misrepresentation, which must be present ab initio in a common-law action for fraud, is not found in the statute.

*Carter-Jones Lumber Co. v. Denune,* 132 Ohio App.3d 430, 725 N.E.2d 330, 333 (1999) (citations omitted). In *Carter-Jones Lumber Co.,* the Court reviewed claims made by a plaintiff under R.C. § 1336.04.

Moreover, the Ohio Supreme Court itself has held that Ohio R.Civ.P. 9(B) does not apply to fraudulent conveyance claims made pursuant to R.C. § 1336.04. In *Wagner v. Galipo,* 50 Ohio St.3d 194, 197, 553 N.E.2d 610, 613 (1990), the Ohio Supreme Court stated:

> This argument confuses the issue of a fraudulent conveyance with a claim of common-law fraud. Complaints alleging fraud must be pleaded with particularity. Civ.R. 9(B). However, a conveyance may be "fraudulent as to creditors" under R.C. Chapter 1336 if it renders the debtor insolvent, "without regard to his actual intent[,]" and even if there is no evidence of misrepresentation by the debtor.

This Court again notes that it is for the federal courts to determine the application of Fed.R.Civ.P. 9(b) in diversity cases. Since, however, Ohio R.Civ.P. 9(b) is identical to its federal counterpart, a decision of the Ohio Supreme Court with respect to the same issue is entitled to great deference. Further, to the extent *Wagner v. Galipo, supra,* sets forth the substantive law requirements of a valid claim under Ohio Revised Code § 1336.01, *et seq.,* such interpretation of state law by the Ohio Supreme Court is binding on a district court entertaining a diversity action.

From this, the Court concludes that with respect to Counts One and Two, Fed.R.Civ.P. 9(b) does not apply. Count One claims that the decedent, Orlando Schiappa, made voluntary transfers of valuable property to the defendant without receiving reasonably equivalent value at a time he was insolvent or otherwise became insolvent as result of the transfers. Similarly, with respect to Count Two, the plaintiffs contend that Orlando Schiappa was engaged in a business for which his remaining assets were unreasonably small in relation to such business and that during such time period he made transfers of property to the defendants without receiving a reasonably equivalent value in exchange. No actual fraud or deliberate misrepresentation is alleged in either count. Moreover, under the Ohio Fraudulent Transfer Act, the plaintiff is not required to plead any actual intent to defraud on the part of the transferor, Orlando Schiappa. *Wagner v. Galipo, supra.* Thus, Counts One and Two need not meet the heightened pleading requirements of 9(b).

The Court is of a different mind with respect to Count Three of the Complaint. In Paragraph 22, it is alleged that the transfers in question "were made with the actual intent to hinder, delay or defraud one or more creditors of Orlando Schiappa." While this claim is also made under the Ohio Uniform Fraudulent Transfer Act, the titling of the action is not dispositive of the issue raised by the defendants. In Count Three, plaintiffs have alleged actual fraud on the part of Orlando Schiappa, even though the claim is made under the Ohio Uniform Fraudulent Transfer Act, specifically O.R.C. § 1336.04(A)(1). Consequently, the plaintiff is required to set forth the circumstances constituting such fraud. Rule 9(b) prohibits a party from making general, unsubstantiated charges of fraud lacking in particularity. *Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir.1992).

For these reasons, the Court denies the defendants' motion to dismiss pursuant to Rule 12(b)(6), or in the alternative for a more definite statement pursuant to Rule 12(e), with respect to Counts One and Two of the Complaint. The defendants' motion is granted with respect to Count Three of the Complaint and the same is dismissed without prejudice. Finally, the Court denies the motion with respect to Count Four of the Complaint, provided that any relief sought under such count shall be exclusive of any claims made in Count Three of the Complaint.

Notwithstanding the foregoing, the Court does express its concern that the claims set forth in Counts One and Two are highly conclusory and list not a single asset which the decedent, Orlando Schiappa, is alleged to have fraudulently conveyed. While plaintiffs, through counsel, allege that the discovery process provides the only method for gleaning information concerning such transfers, the Court reminds the parties that, as noted in defendants' brief, the purpose of a lawsuit is to address a wrong, not to find a cause of action after discovery. To that end, this Court recommends to the Magistrate Judge to whom this case is assigned that discovery be structured as efficiently and inobtrusively as possible.

## V.

The defendants' motion to dismiss, or in the alternative for summary judgment based on doctrines of collateral estoppel, *res judicata* and law of the case is **DENIED.** Defendants' motion to dismiss based upon the failure of the plaintiff to comply with Fed. R.Civ.P. 9(b) is **DENIED** with respect to Counts One, Two and Four and the motion is **GRANTED** with respect to Count Three. The defendants' alternative motion for a more definite statement pursuant to Rule 12(e) is **DENIED.** (Doc. 5).

**IT IS SO ORDERED.**